Oscar Murov, J.
Defendant seeks to reargue a motion to strike the cause from the calendar on the ground that the plaintiff improperly refused to submit to a physical examination by *23 a doctor which he designated, or in the alternative that the court direct the plaintiff to submit to such physical examination by its designated physician.
The opposing affidavit of the counsel for the plaintiff sets forth in some detail the basis of the objection to the examination by defendant’s designated doctor, as follows: “ Tour deponent’s office does have objection to Dr.-conducting a physical examination on the basis of past experience with the doctor. He is not objective. He fancies himself a district attorney and not a medical examiner. He has always, in the past, exceeded the bounds of medical examination, and conducted full and complete oral interrogation with regard to irrelevant facts of the happening of the accident, undoubtdely at the behest of defendant’s claims department. He seeks to be a lawyer and not a doctor. Having had these unpleasant experiences with this prospective physician in the past, it was suggested to the defendant’s representative that they designate any other physician. This they refused to do.”
On the other hand, counsel for defendant in his affidavit avers that the only reason counsel for the plaintiff gives for refusing to submit plaintiff to examination by its designated physician was “ the Doctor never finds any injuries.”
At the time of defendant’s original motion and the decision of this court upon that motion, the grounds for objection to the physical examination by defendant’s designated doctor were not expressly set forth and the court at that time was reluctant to grant plaintiffs’ application to appoint an impartial physician, but ordered the parties to make every effort to choose an examining physician agreeable to both sides.
The pertinent rules pertaining to this subject matter are found in rules I and X contained in part 4 of the Buies of the Appellate Division, Second Judicial Department, effective December 1, 1963, regulating physical examinations and the exchange of medical information in personal injury and death actions. The rule has been adopted by this court under rule 12 of the Buies of the Suffolk County District Court which accepts the same rules promulgated by the Appellate Division in regard to this subject.
The precise question presented is whether or not a plaintiff must accept the physician designated by the defendant to conduct an examination, and, if not, what are the circumstances under which a plaintiff may justifiably refuse to honor the designation and require the attorney for the defendant to designate another physician, and failing in that, request the court to appoint an impartial physician.
*24 The court has examined the cases relevant to the issue presented herein and concludes that the authority for this subject is set forth in the case of Crawford v. Investors Planning Corp. (21 A D 2d, 888 [2d Dept., 1964]) where, in reversing Special Term, the appellate court stated: 1‘ Under all the circumstances, the matter'must be remitted to Special Term for further proceedings. Defendant may elect to serve the notice required by rule I, in which event plaintiffs may timely move, upon express grounds of objection, to vacate the defendant’s choice of physician ; or, should the parties stipulate to waive such demand, the matter may be submitted to the Special Term for determination de novo upon additional papers specifically and at length disclosing the reasons for plaintiff’s objections to the physician of the defendant’s choice. There will thus be available a reviewable record upon which it may be determined whether the Special Term properly exercised its discretion in rejecting or upholding the defendant’s nomination of the examining physician.” (Emphasis mine.)
Defendant did not serve his notice for a physical examination of the plaintiff until after a bill of particulars had been served and all the parties had been examined before trial and the statement of readiness was served. Plaintiffs’ attorney expressly waived timeliness under the pertinent rules and consents to an examination by a court-appointed physician.
It would appear that the rule concerning the exchange of medical information and reports as well as the conduct of a physical examination of a plaintiff would require him to submit to an examination by a doctor of the defendant’s choice, unless plaintiff, within five days, moves Special Term for an order striking out or eliminating the designated doctor, predicated upon a basis which is substantiated by a claim of bias, prejudice, or professional inaptitude on the part of the designated physician.
It would also appear that, if the court is satisfied that there is a basis for such rejection on the part of the plaintiff, the dictates of sound discretion would require the court to appoint a physician'of its own choosing. In the instant case, the plaintiff is an infant, a ward of this court, and in view of the strong objection by plaintiffs’ counsel to the physician designated by the defendant, and in further view of the fact that the parties cannot agree between themselves with respect to another physician, in accordance with the suggestion contained in the decision of this court on the first motion, the court will now designate an impartial physician.
*25 Accordingly, the motion for reargument is granted, and upon reargument, the motion to strike this case from the calendar is denied, and it is ordered that both attorneys for the respective parties set an agreeable date and time for a physical examination of the infant plaintiff within 30 days of the date hereof, to be made by a physician to be hereinafter set forth.
The bill of particulars, a copy of which was set forth in the moving papers, indicates that the infant plaintiff sustained, among other injuries, an “ oblique fracture of the mid-shaft of the left tibia, necessitating application of a long leg cast and use of crutches.” It would therefore seem that the examining physician should be a qualified orthopedic physician. Accordingly, Dr. Irving Gr. Manning of Bay Shore, New York is designated as the examining physician, and is requested to conduct a physical examination of the infant plaintiff, and after the completion of such examination, furnish copies of his report to both sides, and the cost for such examination and reports shall be paid for by the defendant.